ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| MABELINE TORRES RAMOS  Recurrida  v.  MUNICIPIO AUTÓNOMO DE CAGUAS  Peticionaria | **TA2025CE00720** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas  Civil Núm.: CG2023CV01081  Sobre: Represalias |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 20 de noviembre de 2025.

Comparece ante este foro el Municipio Autónomo de Caguas (Municipio o "parte peticionaria") y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 17 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* que instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

## I.

El 12 de abril de 2023, la Sra. Mabeline Torres Ramos (señora Torres o "la recurrida") presentó una *Demanda* sobre represalias y acoso laboral en contra del Municipio.[1] En esta, sostuvo que en el 2004 comenzó a trabajar como Secretaria Ejecutiva I para el

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Departamento de Ornato y Embellecimiento (Departamento). Posteriormente, que en el 2022 el nombre de la posición cambió a Asistente de Dirección. Alegó, que el 18 de abril de 2022, presentó una *Querella* de Acoso Laboral contra su jefe, el Sr. Omarf D. Ortega Milanéz (señor Ortega). Sin embargo, que por negarse a mentir a favor del señor Ortega, tomaron represalias en su contra al mantenerla marginada en su trabajo, sin recibir beneficios y aumentos salariales. Asimismo, arguyó que recibió evaluaciones negativas de desempeño, buscando perjudicarla en su oportunidad de ascenso y salario.

El 5 de mayo de 2023, el Municipio presentó una *Moción Asumiendo Representación y Solicitud de Desestimación por No Agotarse Remedios y Procedimiento Antes de Presentar Caso y Otros Extremos.*[2] Esbozó que, una vez finalizó el resultado de la investigación, le informaron a la señora Torres, que el señor Ortega no incurrió en conducta constitutiva de acoso laboral, por lo que, debía regresar a trabajar. Asimismo, señaló que la recurrida renunció a su derecho a solicitar una reconsideración y acudir al *Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial*, por lo que, estaba impedida de radicar una acción civil ante el foro primario. Por ello, solicitó la desestimación por academicidad y por no aducir hechos que justificaran la concesión de un remedio.

El 25 de mayo de 2023, la recurrida presentó su *Oposición a Solicitud de Desestimación.*[3] En esencia, manifestó que una acción judicial de represalias tomada

---

[2] *Moción Asumiendo Representación y Solicitud de Desestimación por No Agotarse Remedios y Procedimiento Antes de Presentar Caso y Otros Extremos*, entrada núm. 5 en SUMAC.
[3] *Oposición a Solicitud de Desestimación*, entrada núm. 9 en SUMAC.

debido a la radicación de querellas de acoso laboral está autorizada por la Ley Núm. 90, y no requiere agotar remedios administrativos. Asimismo, señaló que la *Demanda* no solo es bajo Ley Núm. 90, sino también bajo Ley Núm. 115, la cual no requiere agotamiento de remedio. Por lo que, no procedía la desestimación de la *Demanda*, dado que la reclamación de represalias es exclusiva del Poder Judicial.

El 7 de julio de 2023, el foro primario notificó una *Orden* en la cual denegó la moción de desestimación.[4]

Posteriormente, el 7 de agosto de 2023, el Municipio presentó su *Contestación a la Demanda*.[5] En esta, negó la mayoría de las alegaciones. No obstante, sí afirmó que el señor Ortega, no realizó evaluaciones a ninguno de los empleados bajo su supervisión desde el 2009. Asimismo, indicó que las evaluaciones de la recurrida no fueron negativas, dado que, su puntuación fue para un nivel de desempeño general que "cumple". De otra parte, esbozó que en el 2021 el Municipio inició un nuevo *Plan de Clasificación y Retribución*, por lo que, cambiaron los nombres de los puestos, y en el caso de la recurrida, tuvo un aumento de $1,828.00 a $2,203.00. Finalmente mencionó que, el puesto que ocupa la señora Torres es el máximo en su grupo ocupacional, por lo que, no había posibilidad de ascenso.

Luego de varias incidencias procesales, el 7 de agosto de 2025, la parte peticionaria presentó una *Solicitud de Sentencia Sumaria*.[6] En síntesis, adujo que la señora Torres no había participado de alguna actividad protegida por la Ley Núm. 90-2020, ni por la

---

[4] *Orden*, entrada núm. 10 en SUMAC.
[5] *Contestación a la Demanda*, entrada núm. 12 en SUMAC.
[6] *Solicitud de Sentencia Sumaria*, entrada núm. 42 en SUMAC.

Ley núm. 115-1991, según enmendada. Añadió que, el Municipio no incurrió en ningún acto de represalias prohibido por la ley. Por lo que, no había nexo causal entre los actos que le fueron imputados y los daños reclamados. Reiteró que, la recurrida carecía de prueba para demostrar que su patrono tomó represalias en su contra. Asimismo, alegó que el foro recurrido carecía de jurisdicción, dado que, el foro con jurisdicción exclusiva era la Comisión Apelativa del Servicio Público. Por ello, solicitó fuera declarada con lugar la solicitud de sentencia sumaria.

En respuesta, el 8 de septiembre de 2025, la señora Torres presentó su *Oposicion a Moción Solicitando Sentencia Sumaria*.[7] Mediante esta, alegó que la causa de acción de represalias es bajo la Ley Núm. 115-1991, y no una causa de acción de acoso laboral. De otro lado, sostuvo que aún permanecía la interrogante sobre si hubo represalias bajo la Ley Núm. 115-1991. Reiteró que, había controversia sobre si lo que motivó las acciones en represalias fue la presentación de la querella. Por ello, manifestó que los elementos subjetivos y de credibilidad eran esenciales, y no procedía la solicitud de sentencia sumaria.

Evaluadas las mociones, el 17 de septiembre de 2025, el foro primario notificó la *Resolución* recurrida.[8] En virtud del referido dictamen, denegó la solicitud de sentencia sumaria instada por el Municipio, por entender que existía controversia sustancial de hechos esenciales que impedían la resolución sumaria del asunto. Particularizó que, existía controversia, entre otras

---

[7] *Oposicion a Moción Solicitando Sentencia Sumaria*, entrada núm. 47 en SUMAC.
[8] *Resolución*, entrada núm. 50 en SUMAC.

cosas, sobre si la falta de aumentos se debió a represalias; si la evaluación efectuada de forma sorpresiva luego de quince (15) años sin evaluaciones fue o no correcta, y en cuanto al efecto negativo, si alguno, en la evaluación. A su vez, indicó que al ser un caso en donde los elementos subjetivos y de credibilidad son esenciales, no procedía dictar sentencia sumariamente. Finalmente, indicó que los siguientes hechos esenciales no estaban en controversia:

1. La demandante comenzó a trabajar en el Municipio Autónomo de Caguas ("MAC") en el 2004 como Secretaria Ejecutiva I para el Departamento de Ornato y Embellecimiento, el cual es un puesto de carrera. El grupo ocupacional al cual pertenece el puesto de Secretaria Ejecutiva I está compuesto de Directo, el Supervisor, el Ejecutivo y el Secretario Ejecutivo, en este orden jerárquico.

2. El Sr. Omarf Ortega Milanés es el Director del Departamento de Ornato y Embellecimiento del MAC desde el año 2009, cuando comenzó por segunda ocasión a ostentar dicho puesto.

3. El Sr. Omarf Ortega Milanés ha sido el supervisor directo de la demandante desde el 2009 hasta el presente.

4. El 18 de abril de 2022, la demandante presentó contra su supervisor, Omarf D. Ortega Milanés, una querella de acoso laboral bajo la Ley para prohibir y prevenir el Acoso Laboral en Puerto Rico, Ley Núm. 90-2020, que tituló "Solicitud de Activación del Protocolo de Acoso Laboral"

5. La Demandada otorgó aumentos a empleados mayores al mínimo que estipula e[l] plan de retribución.

6. Desde el 2016 a Ortega se le había ordenado realizar la evaluación de Torres.

7. Entre las acciones adversas, Torres alega que no le brindaron equipo de seguridad como una silla ergonómica, cuando a todo otro empleado se le brindó.

En desacuerdo, el 2 de octubre de 2025, el Municipio presentó una *Reconsideración*.[9]  No obstante, el 3 de octubre de 2025, mediante *Orden* el foro *a quo* denegó la moción.[10]

Aun inconforme, el 3 de noviembre de 2025, el Municipio presentó el recurso de epígrafe y realizó los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR** - ERRÓ EL TPI AL DETERMINAR QUE EXISTE CONTROVERSIA SUSTANCIAL DE HECHOS ESENCIALES QUE IMPIDEN LA ADJUDICACIÓN DE ESTE CASO POR LA VÍA SUMARIA Y/O QUE EXISTEN CONTROVERSIAS DE CREDIBILIDAD Y APRECIACIÓN DE LA PRUEBA SOBRE HECHOS Y DETERMINACIONES MEDULARES DEL CASO.

> **SEGUNDO SEÑALAMIENTO DE ERROR**- ERRÓ EL TPI AL NO DESESTIMAR SUMARIAMENTE LA CAUSA DE ACCIÓN DE REPRESALIAS EN VISTA DE QUE LA RECURRIDA NO HA SUFRIDO UNA ACCIÓN ADVERSA DE EMPLEO.

> **TERCER SEÑALAMIENTO DE ERROR**- ERRÓ EL TPI AL DETERMINAR QUE EN LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL MUNICIPIO DE CAGUAS SE TRAEN LOS MISMOS PLANTEAMIENTOS QUE SE LEVANTARON EN LA MOCIÓN DE DESESTIMACIÓN PRESENTADA AL INICIO DEL PLEITO.

> **CUARTO SEÑALAMIENTO DE ERROR**- ERRÓ EL TPI AL DETERMINAR QUE TIENE JURISDICCIÓN PARA ATENDER EL RECLAMO DE LA RECURRIDA DE QUE SE LE CONCEDAN AUMENTOS SALARIALES Y ASCENSOS, YA QUE EL FORO CON LA JURISDICCIÓN EXCLUSIVA ES LA COMISIÓN APELATIVA DEL SERVICIO PÚBLICO.

> **QUINTO SEÑALAMIENTO DE ERROR**- ERRÓ EL TPI AL ESTABLECER COMO HECHOS INCONTROVERTIDOS LOS HECHOS #1, #5, #6 Y #7 INCLUIDOS EN LAS PÁGINAS 4-5 DE LA RESOLUCIÓN INTERLOCUTORIA.

El 4 de noviembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de quince (15) días, contados a partir de la fecha de presentación

---

[9] *Reconsideración*, entrada núm. 52 en SUMAC.
[10] *Orden*, entrada núm. 53 en SUMAC.

del recurso de epígrafe para que presentara su oposición.

Transcurrido el término concedido a la parte recurrida para que presentara su alegato en oposición, sin que lo hiciera, damos por perfeccionado el recurso.

**II.**

**-A-**

El *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, dispone lo siguiente:

[…]

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> […]

Así pues, si ninguno de los criterios está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In *re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de certiorari. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad." *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un foro intermedio no

intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

–B–

El principio rector de las Reglas de Procedimiento Civil es proveerles a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R.1. El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, hace viable este objetivo en aquellos casos en que surja de forma clara que no existen controversias materiales de hechos que requieren ventilarse en un juicio plenario y el derecho así lo permita.

Nuestro Tribunal Supremo en el caso de *Verá v. Dr. Bravo,* 161 DPR 308, 334-335 (2004), expresó que un Foro Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede o no una sentencia sumaria. Sin embargo, nuestro más Alto Foro especificó que, al revisar la determinación del foro primario sólo podríamos considerar los documentos que se presentaron ante el foro *a quo*. *Íd*. Lo anterior, debido a que "las partes no pueden añadir en apelación *exhibits*, deposiciones o affidávits que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo." *Íd*. Además, sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Íd*. Es decir, no

podemos adjudicar los hechos materiales y esenciales en disputa, ya que esta tarea le corresponde al Tribunal de Primera Instancia. *Íd.*

Por otro lado, en *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015), nuestro Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar *de novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra, y con los discutidos en *SLG Zapata-Rivera v. J. Montalvo*, 189 DPR 414 (2013); (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. Véase, además: *Rivera Matos, et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020).

**III.**

Comenzamos destacando que la determinación recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*. Ello, por tratarse de la denegatoria de una moción de carácter dispositivo, a saber, la *Solicitud de Sentencia Sumaria* instada por el Municipio. Sin embargo, a la luz de los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra*, rechazamos intervenir

en los méritos del dictamen recurrido, para variar la determinación del foro primario.

En el caso de autos, el Municipio no demostró que el foro primario haya actuado con prejuicio, parcialidad o abuso de discreción. Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración.

Por tanto, no vemos razón alguna para intervenir en esta etapa de los procedimientos, y procederíamos a denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones